UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TAJMERE COOKE,<br><br>              Plaintiff,<br>     v.<br><br>BUREAU OF CONSULAR AFFAIRS,<br><br>              Defendant. | Civil Action No. 23-3666 (UNA) |

### **MEMORANDUM OPINION**

This matter is before the Court on review of *pro se* plaintiff's application to proceed *in forma pauperis* and his civil complaint. The application is GRANTED and, for the reasons stated below, the complaint and this civil action are DISMISSED without prejudice.

Plaintiff identifies himself as an "Indigenous tribal man . . . born in North America," Compl. ¶ 5.a., who is not a United States citizen, *id*. ¶ 5.i; *see id*. ¶ 6.c. He alleges that, on December 4, 2023, he "sent a letter to the Bureau of Consular Affairs located in Washington D.C. requesting a status correction and a new passport . . . within 24 hours." *Id*. ¶ 1.b. According to plaintiff, if the agency failed to respond by the deadline he imposed, he would "assume that [he was] being denied a passport and the right to self-determination of political status and freedom of movement," *id*., in violation of the United Nations International Covenant on Civil and Political Rights ("ICCPR") and the United Nations International Convention on the Elimination of All Forms of Racial Discrimination ("CERD"), *id*.; *see id*. ¶ 4. Plaintiff demands "a regular U.S. Passport 10-year expiration with the highest rank, as a non-citizen bearing [his] tribal Nationality and place of birth as North America . . . [n]o later than 48 hours of court order." *Id*. ¶ 2.a.

1

The Court dismisses the complaint because the provisions on which plaintiff relies do not provide for a private right of action. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004) (Universal Declaration of Human Rights and ICCPR are not privately enforceable in federal court because they were not self-executing); *In re Shinnecock Smoke Shop*, 571 F.3d 1171, 1175 (Fed. Cir. 2009) (concluding that "Applicant's reliance on CERD is . . . unavailing" as it "has no private right of action under CERD, which is not a self-executing treaty"); *Ralk v. Lincoln Cnty., Ga.*, 81 F. Supp. 2d 1372, 1380 (S.D. Ga. 2000) (concluding that, "because the ICCPR is not self-executing, [plaintiff] can advance no private right of action under" it); *Johnson v. Quander*, 370 F. Supp. 2d 79, 101–102 (D.D.C. 2005) (finding that CERD provisions are not self-executing and, thus, do not authorize a private right of action), *aff'd*, 440 F.3d 489 (D.C. Cir. 2006), *cert. denied*, 549 U.S. 945 (2006).

Plaintiff mentions in passing two other potential bases for his claims: the Universal Declaration of Human Rights, *see* Compl. ¶ 5.c., and the Alien Tort Claims Act ("ATCA"), *see id*. ¶¶ 2.d., 3. Neither saves this case. The Universal Declaration of Human Rights does create a private right of action, *see Sosa*, 542 U.S. at 734-35)., while the ATCA presumes the existence of a tort, and plaintiff "fails to demonstrate how the alleged conduct, such as failing to issue a passport or respond to letters, constitute legally cognizable torts." *Stone v. U.S. Embassy Tokyo*, No. 1:19-cv-3273, 2020 WL 6746925, at *3 (D.D.C. Nov. 16, 2020, *aff'd*, No. 20-5360, 2021 WL 2255016 (D.C. Cir. May 17, 2021).

An Order consistent with this Memorandum Opinion is issued separately.

DATE: January 8, 2024                              CHRISTOPHER R. COOPER
                                                   United States District Judge